Filed 4/3/14  In re A.M. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| In re A.M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, Plaintiff and Respondent, v. A.M., Defendant and Appellant. | E058995 (Super.Ct.Nos. RIJ1300389 & DL043376001) OPINION |

APPEAL from the Superior Court of Riverside County.  Roger A. Luebs, Judge. Affirmed as modified.

Paul J. Katz, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Warren Williams, Deputy Attorney General, for Plaintiff and Respondent.

1

The juvenile court placed the minor on informal probation after finding him guilty of second degree robbery. The minor appeals from the court's order prohibiting him from possessing a firearm until the age of 30. The minor argues the court did not declare him a ward of the court, and such a declaration is statutorily required before a juvenile court can impose this firearm condition. The People concede the issue and we agree. The court's disposition order is affirmed, but modified to strike the firearm prohibition.

**FACTS AND PROCEDURE**

On July 31, 2012, the minor attempted to steal a T-shirt from a sale table outside a sporting goods store in Huntington Beach. He physically resisted when confronted and used physical force against three store employees when they chased and detained him.

On August 29, 2012, the People filed a wardship petition under Welfare and Institutions Code section 602 alleging the minor committed felony second-degree robbery (Pen. Code, §§ 211, 212.5). After a jurisdictional hearing held on April 10-11, 2013, the juvenile court in Orange County found true the robbery allegation and then transferred the case to Riverside County for disposition. The minor's legal residence is in Riverside County.

At the disposition hearing held on June 6, 2013, the juvenile court followed the recommendation of the probation department and placed the minor on informal probation for six months under Welfare and Institutions Code section 725, subdivision (a). The minor was not made a ward of the court. As recommended by the probation department, the court ordered that the minor be "Prohibited from owning, possessing, custody or

2

control of any firearm until age 30, pursuant to Section 29820(a) – (d) PC." This was a separate court order, not a condition of probation.

This appeal followed.

DISCUSSION

The minor argues, the People concede, and this court agrees, that court erred when it ordered that the minor be prohibited from possessing a firearm until he is 30 years old, pursuant to Penal Code section 29820. Because the minor was not declared a ward of the court, and was instead granted informal probation under Welfare and Institutions Code section 725, subdivision (a), the court was not authorized to impose this prohibition.

The language of Penal Code section 29820 states: "(a) This section applies to any person who satisfied *both* of the following requirements: [¶] (1) The person is alleged to have committed an offense listed in subdivision (b) of Section 707 of the Welfare and Institutions Code, an offense described in subdivision (b) of Section 1203.073, any offense enumerated in Section 29805, or any offense described in Section 25850, subdivision (a) of Section 25400, or subdivision (a) of Section 26100. [¶] (2) *The person is subsequently adjudged a ward of the juvenile court within the meaning of Section 602 of the Welfare and Institutions Code* because the person committed an offense listed in subdivision (b) of Section 707 of the Welfare and Institutions Code, an offense described in subdivision (b) of Section 1203.073, any offense enumerated in Section 29805, or any offense described in Section 25850, subdivision (a) of Section 25400, or subdivision (a) of Section 26100. [¶] (b) Any person described in subdivision

3

(a) shall not own, or have in possession or under custody or control, any firearm until the age of 30 years." (Pen. Code, § 29820, italics added)

Because the minor was not adjudged a ward, the juvenile court erred when it made its order under Penal Code section 29820, subdivision (a)(2). Accordingly, this portion of the trial court's disposition order is hereby stricken.

## DISPOSITION

The trial court's disposition order is modified to strike the firearm prohibition imposed under Penal Code section 29820. The disposition order is otherwise affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ_____
P. J.


We concur:

McKINSTER_____
J.

KING_____
J.

4